Felipe N. Torres, J.
The petitioner makes a motion for a writ of seizure and the respondent makes a cross motion to dismiss the ease for lack of jurisdiction or, in the alternative, to transfer the case to Nassau County Family Court.
The motion to dismiss is based on the alleged ground that neither the petitioner nor the respondent resides in the County of The Bronx and that both are residents of Nassau County. Assuming that to be the case, the court does not feel that the attack on the jurisdiction of the court can be taken seriously. The Family Court being a State court with exclusive jurisdiction over support proceedings there can be no question that it has jurisdiction of this case and that this is the only tribunal that can entertain it (Family Ct. Act, §>§ 115, 411).
*653 If the motion is considered as an attack based on a defective venue it should be noted that while the petition alleges that the petitioner resides in Uniondale, Long Island, which is in Nassau County, it also alleges that respondent resides at the Veterans’ Administration Hospital, Kingsbridge Road, Bronx County. On the face of the petition, therefore, there is no defect in the venue. The question then arises whether or not the respondent resides in the County of The Bronx. Let us look at the record.
It appears from the record that on or about November 4, 1964, respondent amputated both of his hands with a radial saw and that about two weeks later he was admitted to the Veterans’ Administration Hospital at Kingsbridge Road, Bronx County, where he has remained up to now, a period of about six and a-half months. It appears further that the respondent has been using artificial hands or hooks since four or five weeks prior to March 26, 1965, when a temporary order of support was entered herein for the petitioner and her four and one-half year old child. It further appears that respondent is neither on remand nor detained at such hospital against his will; that he has remained there voluntarily and has come out of the hospital during week ends.
The court holds that respondent’s stay at such hospital for such a period of time made him an inhabitant of The Bronx, that he is a resident of The Bronx, and therefore that this court has jurisdiction. For the same reason the court does not feel that there is any defect in the venue (Family Ct. Act, § 421, subd. [a]). Therefore respondent’s motion to dismiss or to transfer the case to Nassau County is denied.
As to petitioner’s motion for a writ of seizure, the court finds that the moving papers are defective and that the conditions precedent to the issuance of such a writ have not been established. True that an order of support was made in this case and that respondent has failed to obey it; he is $450 in arrears. True also that the evidence shows that the petitioner has no means of support and is likely to become a public charge; but there is no showing that the respondent left or threatens to leave the County of The Bronx, the county in which this court is located. Nor is there any showing that respondent possesses property within the County of The Bronx. Although the moving papers refer to $10,000 that respondent allegedly possesses, there is no allegation that this money is in the County of The Bronx (Family Ct. Act, § 457). Therefore, the application for the writ of seizure is denied but without prejudice to renew the application on sufficient papers before any Judge presiding in Part I, Support and Conciliation, Bronx County.
*654 However, the court finds that the respondent has violated the order of support, and, as aforesaid, is $450 in arrears, and is trying by all means to avoid complying with the order. There is evidence that on or about December 23, 1964, respondent’s attorney collected on behalf of the respondent the sum of $10,000, the proceeds of a policy of insurance, and that sometime this year said attorney turned over to respondent the said sum of $10,000.
The court does hereby order a hearing- on the question of the arrears and the malting of a final order. The court feels that if the .respondent is able to come out of the hospital on week ends, he should be able to appear in this court; but the court finds that a summons would be ineffectual in this case and therefore orders the issuance of a warrant for the respondent (Family Ct. Act, § 453).
Send notice of this decision to petitioner and her attorney, and to the" respondent and his attorney.